# EXHIBIT 6

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

AMBER RAND
Plaintiff

v.

INTUITIVE SURGICAL, INC.,
Defendant

C.A. No. 2679CV00170

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Mass. R. Civ. P. 34, Plaintiff Amber Rand ("Ms. Rand") hereby serves her First Set of Interrogatories in this matter to Defendant Intuitive Surgical, Inc., to be answered under oath pursuant to Rule 33 of the Massachusetts Rule of Civil Procedure and Superior Court Rule 30A concerning written discovery. The requests are continuing, and you have an obligation to fully supplement the answers in the event that you obtain further information between the time they are first served and the trial in this matter:

**DEFINITIONS AND INSTRUCTIONS**

1. In addition to the definitions set forth in Superior Court Rule 30A and incorporated by reference herein, the following definitions shall apply to the requests below and the responses thereto:
    a. The term "Ms. Rand" and "Plaintiff" shall mean the Plaintiff, Amber Rand.
    b. The terms "you", "your", and "Defendant" shall mean to include Defendant Intuitive Surgical, Inc, and, where appropriate, all its constituent parts, officers, agents, and employees, as well as affiliated organizations

c. "Document." The term "document" shall have the meaning set forth in Mass. R. Civ. P. 34 and Superior Court Rule 30A and shall include documents or electronically stored information as well as tangible things.

d. "Concerning." The term "concerning" shall mean referring to, describing, offering evidence of, or constituting.

e. "Communication." The term "communication" shall mean the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise.

f. "PIP." The term "PIP" shall mean the Performance Improvement Plan issued to Plaintiff.

2. Defendant is under a continuing obligation to supplement or amend its responses to these interrogatories to the extent required by Mass. R. Civ. P. 26(e).

3. With respect to the answer to each interrogatory, please state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any files that contain such information and the identification of each person who provided any information included in such answer. In addition, please identify each other person who you know or believe has or may have some or all of the information sought in such interrogatory or subpart thereof.

4. To the extent that any interrogatory is objected to as overly broad and/or unduly burdensome, please set forth the more narrowly-defined basis, if any, on which you are answering such interrogatory. To the extent that any interrogatory is objected to as vague and/or ambiguous, please identify the particular words, terms, or phrases asserted to make such interrogatory vague or ambiguous, and please specify the meaning actually

attributed by you to such words, terms or phrases, for purposes of your response to such interrogatory.

5. If any interrogatory is objected to on the ground of attorney-client privilege or the ground of privilege for materials prepared in anticipation of litigation for trial, please provide sufficient information to permit the allegedly privileged information to be identified in a motion to compel production and to explain the basis for the claim of privilege so that the court can determine its propriety.

## INTERROGATORIES

**Interrogatory No. 1**

Please state the name and job title of the person preparing and signing the answers to these Interrogatories on Intuitive Surgical's behalf. As part of your answer, provide a short summary of the person's role and job responsibilities.

**Interrogatory No. 2**

Please identify each person with personal knowledge concerning any of the facts alleged in the Complaint or any defenses asserted by Intuitive Surgical. Please include in your answer:

a. The person's full name and contact information;

b. Whether the person was ever employed by Intuitive Surgical, and if so whether they are still employed by Intuitive Surgical; and

c. A summary of the information the person is believed to have about the Complaint.

**Interrogatory No. 3**

Please identify and describe, with as much specificity as possible, any and all statements made or provided to Intuitive Surgical concerning, relating to, or regarding Plaintiffs and/or any of the facts pertaining to the allegations set forth in the Complaint. Please include in your answer:

a. The name of individual who gave the statement;

b. The date of the statement; and

c. The circumstances under which the statement was made.

**Interrogatory No. 4**

Please identify each communication known to Intuitive Surgical, whether oral or written, regarding Ms. Rand's pregnancy, identifying for each who was involved in the conversation or written exchange, as well as the date and the substance of that communication.

**Interrogatory No. 5**

Please identify all witnesses that the Defendant intends to call at a trial in this matter, including their full names, contact information, and whether they are currently employed by Intuitive Surgical, and provide a summary of the testimony that the Defendant would expect each witness to provide.

**Interrogatory No. 6**

Please state whether any document either currently or previously in the Defendant's possession, responsive to any of the Plaintiffs' requests for production of documents to you, has been lost, misplaced, stolen or destroyed. If so, please state the circumstances under which the document was lost, misplaced, stolen, or destroyed.

**Interrogatory No. 7**

Please state whether any document in the Defendant's possession, responsive to any of the Plaintiffs' requests for production of documents to you, is being withheld under claim of privilege. If so, please provide a privilege log identifying the claimed basis for the privilege and describing the withheld document(s) in sufficient detail to allow for assessment of the privilege claim.

**Interrogatory No. 8**

Identify each person you intend to call as an expert witness at the trial in this matter. For each person identified, state: (a) the subject matter on which the expert is expected to testify; (b) the documents you supplied to the expert for review; (c) the substance of the facts and opinions as to which the expert is expected to testify; and (d) a summary of the grounds for each opinion.

**Interrogatory No. 9**

Please identify and describe, with as much specificity as possible, any other complaints made, either formal or informal, and/or civil actions filed against Intuitive Surgical from January 1, 2020, to December 31, 2025, claims of discrimination or other violations of M.G.L. c. 151B or of the PFMLA, including for each:

a. The nature of the complaint;

b. Whether civil suit was filed;

c. Who filed the complaint, including the complainant's relation to Intuitive Surgical and/or job title at Intuitive Surgical;

d. The complainant's full name, telephone number, email address and residential address;

e. The results and/or findings of any and all filed complaints or civil actions, made by Intuitive Surgical, an agency, court, or investigative group hired or within Intuitive Surgical who conducted the investigation.

**Interrogatory No. 10**

Please identify all persons involved in decisions regarding Plaintiff's:

a. Performance evaluations;

b. Performance Improvement Plan ("PIP");

c. Discipline; and

d. Termination.

**Interrogatory No. 11**

Please state all reasons for Plaintiff's placement on a PIP, including all facts supporting those reasons.

**Interrogatory No. 12**

Please state all reasons for Plaintiff's termination, including all facts supporting those reasons.

**Interrogatory No. 13**

Please identify all employees in Plaintiff's team and role from 2022-2024 and describe their performance metrics.

**Interrogatory No. 14**

Please state whether any other employees on Plaintiff's team failed to meet performance targets during the same period and identify such employees.

**Interrogatory No. 15**

Please identify whether any employees identified in response to Interrogatory 16 were disciplined for failure to meet performance and identify the nature of such discipline, including whether these employees were placed on PIPs and the terms of their PIPs, if so.

**Interrogatory No. 16**

Please describe in detail the investigation into Plaintiff's May 30, 2024 internal complaint (resubmitted June 18, 2024), including:

a. Dates;
b. People interviewed;
c. Findings;
d. Conclusions;
e. Whether any employees were disciplined as a result of the findings.

**Interrogatory No. 17**

Please describe how Plaintiff's sales territory and assignments changed before and after her leave.

**Interrogatory No. 18**

Please describe all "field rides" assigned to Plaintiff and how those assignments compared to those assigned to other employees.

Respectfully submitted,

Plaintiff Amber Rand

By her attorney,

*/s/Benjamin C. Rudolf*
Benjamin C. Rudolf, BBO #667695
Rudolf, Smith, Griffis, & Ruggieri, LLP
446 Main St., Suite 1503
Worcester, MA 01608
p. (508) 709-7885
f. (508) 536-0834
rudolf@rudolfsmith.com

**CERTIFICATE OF SERVICE**

I, Benjamin C. Rudolf, hereby certify that I have this day served a copy of the foregoing document on all counsel of record via first class mail:

Wayne F. Dennison, Esq.
Rachel E. Feiden, Esq.
Brown Rudnick LLP
1 Financial Ctr
Boston, MA 02111

*/s/Benjamin C. Rudolf*
Dated: 4/3/2026

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

AMBER RAND
Plaintiff

v.

INTUITIVE SURGICAL, INC.,
Defendant

C.A. No. 2679CV00170

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Mass. R. Civ. P. 34, Plaintiff Amber Rand ("Ms. Rand") hereby serves her First Request for Production of Documents in this matter to Defendant Intuitive Surgical, Inc., and requests that they be answered within thirty days of service in accordance with the Rules. The requests are continuing, and you have an obligation to fully supplement the answers in the event that you obtain further information between the time they are first served and the trial in this matter:

**DEFINITIONS**

In addition to the definitions set forth in Superior Court Rule 30A and incorporated by reference herein, the following definitions shall apply to the requests below and the responses thereto:

1. The term "Ms. Rand" and "Plaintiff" shall mean the Plaintiff, Amber Rand.
2. The terms "you," "your," "Defendant Company," and "Defendant" shall mean to include Defendant Intuitive Surgical, Inc, and, where appropriate, all its constituent parts, officers, agents, and employees, as well as affiliated organizations including but not limited to Defendant's related companies.

3. "Document." The term "document" shall have the meaning set forth in Mass. R. Civ. P. 34 and Superior Court Rule 30A and shall include documents or electronically stored information as well as tangible things.
4. "Concerning." The term "concerning" shall mean referring to, describing, offering evidence of, or constituting.
5. "Communication." The term "communication" shall mean the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise.
6. "PIP." The term "PIP" shall mean the Performance Improvement Plan issued to Plaintiff.
7. "Similarly situated employees." The term "similarly situated employees" shall mean employees who held substantially similar positions, had comparable job duties and responsibilities, were subject to the same supervisors, and had materially similar performance and disciplinary histories.

## REQUESTS

**Request No. 1**

Please produce copies of any and all documents in your possession concerning communications with Plaintiff including but not limited to emails, text messages, letters, social media messages, or any other form of communication.

**Request No. 2**

Please produce copies of any and all documents in your possession concerning communications with any officer, employee, independent contractor, or other agent of the Defendant concerning Plaintiff, including but not limited to emails, text messages, letters, social media messages, or any other form of communication.

**Request No. 3**

Please produce copies of any and all company policies, employee handbooks, or other documents in your possession that describe Defendant's policies and procedures applicable to employees from January 1st, 2020, to December 31st, 2024.

**Request No. 4**

Please produce copies of any and all documents in your possession concerning the Performance Improvement Plan ("PIP") issued to Plaintiff, including drafts, revisions, and internal communications regarding the decision to place Plaintiff on a PIP.

**Request No. 5**

Please produce any and all documents in your possession concerning the decision to terminate Plaintiff's employment.

**Request No. 6**

Please produce any and all documents in your possession concerning internal complaints submitted by Plaintiff at any point, including but not limited to interview notes, recordings, summaries, and findings.

**Request No. 7**

Please produce all email communications, text messages, and internal memos in your possession concerning Plaintiff's maternity leave, pregnancy, or status as a parent.

**Request No. 8**

Please produce copies of all documents in your possession concerning Ms. Rand's personnel record, including but not limited to documents identifying their name, address, date of birth, job title and description; rate of pay and any other compensation paid; starting date of work; job

applications submitted; resumes or other forms of employment inquiry submitted; performance evaluations, including but not limited to, evaluation documents; written warnings of substandard performance; lists of probationary periods; waivers signed; copies of dated termination notices; and any other documents relating to disciplinary action taken.

**Request No. 9**

Please produce copies of all documents in your possession concerning Defendant's answers to any of Plaintiff's interrogatories to Defendant in this matter.

**Request No. 10**

Please produce copies of any and all documents in your possession concerning any witness statements, internal memoranda, or notes of any kind concerning Plaintiff.

**Request No. 11**

Please produce any and all copies of documents in your possession concerning any complaints made withing the past ten years, whether formal or informal, and/or grievances from employees regarding discrimination, harassment, or retaliation.

**Request No. 12**

Please produce any and all documents in your possession related to any disciplinary actions, demotions, changes in job duties, or termination of employees who took or requested any type of leave, including Plaintiff and any similarly situated employees, in the past 5 years.

**Request No. 13**

Please produce any and all documents in your possession showing the performance metrics, quotas, and sales results for Plaintiff and other employees in the same or similar role from 2020 through 2025.

**Request No. 14**

Please produce any and all documents concerning any complaints by other employees concerning disparaging comments related to pregnancy, maternity leave, or gender.

**Request No. 15**

Please produce copies of all documents in your possession concerning the curriculum vita, resume or other biographical information of any expert witness that you intend to call at the trial of this matter.

**Request No. 16**

Please produce copies of all documents in your possession that you have provided to any expert witness that you intend to call at the trial of this matter.

**Request No. 17**

Unless already produced in response to any of the foregoing requests, please produce all documents in your possession concerning any of the allegations, claims, and/or defenses asserted by any party in this case.

**Request No. 18**

Unless already produced, in response to the foregoing Requests, please produce copies of any and all documents in your possession in which you expect to be introduced at trial as exhibits by either party.

Respectfully submitted,

Plaintiff Amber Rand

By her attorney,

*/s/Benjamin C. Rudolf*

Benjamin C. Rudolf, BBO #667695
Rudolf, Smith, Griffis, & Ruggieri, LLP
446 Main St., Suite 1503
Worcester, MA 01608
p. (508) 709-7885
f. (508) 536-0834
rudolf@rudolfsmith.com

**CERTIFICATE OF SERVICE**

I, Benjamin C. Rudolf, hereby certify that I have this day served a copy of the foregoing document on all counsel of record via first class mail:

Wayne F. Dennison, Esq.
Rachel E. Feiden, Esq.
Brown Rudnick LLP
1 Financial Ctr
Boston, MA 02111

*/s/Benjamin C. Rudolf*
Dated: 4/3/2026