UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| AMBER RAND,<br><br>Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No: 3:26-cv-30069 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Intuitive Surgical, Inc. ("Intuitive" or "Defendant") hereby responds to Plaintiff Amber Rand's ("Plaintiff" or "Rand") Complaint and Demand for Jury Trial (the "Complaint") as follows:

## ANSWER

Intuitive does not respond to the headers in the Complaint. The use of the headers of the Complaint in this Answer is done solely for convenience, and in no way constitutes an admission of any allegation contained in such headers. Intuitive denies any and all allegations that are not expressly admitted. With respect to each of the numbered paragraphs of the Complaint, Intuitive answers as follows.

### As to "Parties, Jurisdiction and Venue"

1. Intuitive lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

2. Intuitive admits that it is a California corporation with a principal business address located at 1020 Kifer Road, Sunnyvale, CA 94086. In further answering, Intuitive states it has a foreign registration to do business in the Commonwealth of Massachusetts.

3. Denied.

4. Denied.

5. Denied.

**As to "Facts"**

6. Admitted.

7. Admitted.

8. Admitted to the extent that on August 18, 2023, Plaintiff reported her intention of taking maternity leave through Intuitive's third-party benefits manager, Sedgwick, portal.

9. Admitted to the extent that on or about November 3, 2023, Plaintiff began maternity leave. As to the remaining allegations, this paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, Intuitive denies the remaining allegations of this paragraph.

10. Admitted to the extent that Plaintiff took maternity leave pursuant to the Massachusetts Paid Family and Medical Leave Act.

11. Denied.

12. Denied.

13. Denied.

14. To the extent that this paragraph purports to paraphrase or characterize a written communication, Intuitive denies any characterization of same contained in this paragraph and further denies that the referenced communication was directed at or related to Plaintiff. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

15. To the extent that this paragraph purports to paraphrase or characterize a written communication, Intuitive denies any characterization of same contained in this paragraph and

further denies that the referenced communication was directed at or related to Plaintiff. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

16. To the extent this paragraph purports to paraphrase or characterize a written communication Intuitive denies any characterization of same contained in this paragraph and further denies that the referenced communication was directed at or related to Plaintiff. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

17. Denied.

18. Admitted. In further answering, Intuitive states that Plaintiff's original return date was March 30, 2024 but was later extended by Plaintiff to May 3, 2024.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Intuitive admits that Plaintiff was provided a written "Employee Field Coaching Report" dated 5/21/24-5/22/24 that Plaintiff appears to be referencing in this paragraph. To the extent that this paragraph purports to paraphrase or characterize that document, Intuitive denies

any characterization of that document contained in this paragraph. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

29. Intuitive admits that Plaintiff was provided a written "Employee Field Coaching Report" dated 5/21/24-5/22/24 that Plaintiff appears to be referencing in this paragraph. To the extent that this paragraph purports to paraphrase or characterize that document, Intuitive denies any characterization of that document contained in this paragraph. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

30. Admitted to the extent that Plaintiff submitted a written complaint through Intuitive's anonymous complaint filing system on or about May 30, 2024. Denied as to the remaining allegations of this paragraph.

31. Admitted to the extent that Plaintiff submitted a written complaint through Intuitive's anonymous complaint filing system which contained various allegations regarding Plaintiff's employment. Such allegations are denied. To the extent that this paragraph is intended to provide Plaintiff's interpretation or characterization of what she intended by her complaint, Intuitive lacks knowledge sufficient to form a belief as to the truth of such allegations and denies same. To the extent that this paragraph purports to paraphrase or characterize the writing, Intuitive denies any characterization of that document contained in this paragraph. Denied as to the remaining allegations of this paragraph.

32. Admitted to the extent that Plaintiff submitted a complaint which contained various allegations regarding Plaintiff's employment. Such allegations are denied. To the extent that this paragraph is intended to provide Plaintiff's interpretation or characterization of what she intended by her complaint, Intuitive lacks knowledge sufficient to form a belief as to the truth of such allegations and denies same. To the extent that this paragraph purports to paraphrase or

characterize a document, Intuitive denies any characterization of that document contained in this paragraph. Denied as to any remaining allegations of this paragraph.

33. Denied.

34. Denied. This paragraph refers to vague and unspecified communications and conduct, the response to which would require Intuitive to speculate as to Plaintiff's meaning. Intuitive denies that any "harassment" occurred and that Intuitive caused any harm to Plaintiff. Denied as to any remaining allegations of this paragraph.

35. Admitted to the extent that Plaintiff submitted duplicate internal complaint. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations.

36. Admitted to the extent that Plaintiff followed up with Intuitive on or about this time regarding status of her internal complaint.

37. Admitted.

38. Denied.

39. Admitted to the extent that Plaintiff expressed her belief to an Intuitive employee that she felt her alleged issues seemed bigger than just her own experiences. Denied as to all remaining allegations of this paragraph.

40. Admitted to the extent that Intuitive placed Plaintiff on a written Performance Improvement Plan effective July 12, 2024. To the extent that this paragraph purports to paraphrase or characterize such document, Intuitive denies any characterization of that document contained in this paragraph. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

41. Denied.

42. Denied.

43. Denied.

44. Admitted to the extent that, as part of her internal complaint, Plaintiff indicated that she further alleged that the PIP constituted retaliation. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

45. To the extent that this paragraph purports to provide Plaintiff's interpretation or characterization of what she intended by her complaint or otherwise to paraphrase or characterize a document, Intuitive denies any characterization of that document contained in this paragraph. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

46. Admitted to the extent that Ms. Rand was asked to speak directly with a member of Intuitive's compliance team in the course of investigating Ms. Rand's complaint. Intuitive denies the remaining allegations of this paragraph.

47. Admitted.

48. Admitted to the extent that Mr. Merriweather spoke with Plaintiff on or about August 14, 2024 regarding her initial complaint and PIP. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

49. Denied.

50. Denied.

51. Denied.

52. Admitted to the extent that Mr. Merriweather indicated that he would request that the PIP be put on hold pending the investigation as is common business practice.

53. Admitted to the extent that the Plaintiff made various comments to Mr. Merriweather regarding Plaintiff's purported reaction to the circumstances she alleged in her

internal complaint. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations of this paragraph.

54. Denied.

55. Admitted to the extent that Plaintiff returned from maternity leave in May 2024. In further answering, Intuitive admits that Mr. Bottaro along with his sales team were interviewed as part of the investigation into Plaintiff's internal complaint.

56. Denied.

57. Denied.

58. Admitted to the extent that Mr. Bottaro and Ms. Teel had a call with Plaintiff on August 16, 2024 to discuss her PIP. In further answering, Intuitive states that in response to Plaintiff's asking Mr. Bottaro and Ms. Teel what would happen if she did not make the necessary improvements set forth in the PIP by the second follow up call on September 13, 2024, Plaintiff was advised that the next steps would be termination. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations in this paragraph.

59. Denied.

60. Admitted to the extent that Plaintiff contacted Mr. Merriweather further reporting what she alleged to be retaliation. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations in this paragraph.

61. Denied.

62. Admitted to the extent that Mr. Merriweather indicated to Plaintiff that all investigation interviews had not yet been completed as of August 16, 2024. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations in this paragraph.

63. Admitted to the extent that Plaintiff did express to Mr. Merriweather her allegations

that she was allegedly experiencing stress as a result of the circumstances that were the subject of her complaint. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations contained in this paragraph.

64. Denied.

65. Denied.

66. Admitted to the extent that Mr. Merriweather, in the course of his investigation, discussed with Plaintiff what outcome she thought would be appropriate and her view of potential alternatives to working on Mr. Bottaro's team. To the extent not addressed by the foregoing, Intuitive denies the remaining allegations contained in this paragraph.

67. Admitted.

68. Admitted to the extent that Plaintiff was on vacation between August 30 and September 9. Denied as to all remaining allegations contained in this paragraph.

69. Admitted.

70. Admitted to the extent that Mr. Merriweather had completed his investigation on or about September 13, 2024. Denied as to all remaining allegations contained in this paragraph.

71. Admitted to the extent that that Mr. Merriweather informed Plaintiff that her PIP would resume once the investigation was completed. Denied as to all remaining allegations contained in this paragraph.

72. Admitted.

73. Admitted to the extent that Mr. Merriweather, in the course of discussing a variety of facts and circumstances investigated in response to Plaintiff's complaint, stated to Plaintiff that he found communications by Mr. Bottaro "inappropriate and disturbing." Denied that this paragraph accurately reflects or characterizes the totality of Mr. Merriweather's communications

to Plaintiff in response to her complaint and further denied as to all remaining allegations contained in this paragraph.

74. Admitted to the extent that Mr. Merriweather, in the course of discussing a variety of facts and circumstances investigated in response to Plaintiff's complaint, informed Plaintiff that Mr. Bottaro understood that he needed to "do better" and that Mr. Bottaro himself wanted to "do better" following the investigation. Denied that this paragraph accurately reflects or characterizes the totality of Mr. Merriweather's communications to Plaintiff in response to her complaint and further denied as to all remaining allegations contained in this paragraph.

75. Admitted to the extent that Mr. Merriweather, in the course of discussing a variety of facts and circumstances investigated in response to Plaintiff's complaint, indicated to Plaintiff that he thought the sales team had performed poorly during the first two quarters of 2024. Denied that this paragraph accurately reflects or characterizes the totality of Mr. Merriweather's communications to Plaintiff in response to her complaint and further denied as to all remaining allegations contained in this paragraph.

76. Admitted to the extent that Ms. Teel scheduled a meeting on Plaintiff's calendar with Mr. Pastor on or about September 19, 2024. Denied all to all remaining allegations contained in this paragraph.

77. Admitted to the extent that on or about September 19, 2024 Ms. Teel and Mr. Pastor informed Plaintiff of her termination. Denied as to all remaining allegations contained in this paragraph.

78. Admitted to the extent that Mr. Pastor informed Plaintiff that she could consider whether or not she wanted to resign in lieu of being terminated for purposes of insurance and other benefits. In further answering, admitted to the extent that Plaintiff's termination date was

September 23, 2024.

79. Denied.

80. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, Intuitive denies the allegations of this paragraph.

81. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, Intuitive denies the allegations of this paragraph.

82. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is required, Intuitive denies the allegations of this paragraph.

**As to COUNT I**
**Sex Discrimination in Violation of M.G.L. c. 151B § 4(1)**

83. Intuitive repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

84. Denied.

a. Denied.
b. Denied.
c. Denied.
d. Denied.
e. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Intuitive lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

89. Denied.

**As to COUNT II**
**Pregnancy Discrimination in Violation of M.G.L. c. 1518 § 4(1)**

90. Intuitive repeats, realleges, and incorporates by reference each of the foregoing

responses as if fully set forth herein.

91. Denied.

a. Denied.
b. Denied.
c. Denied.
d. Denied.
e. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Intuitive lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

97. Denied.

**As to COUNT III**
**Retaliation in Violation of M.G.L. c. 151B § 4(4)**

98. Intuitive repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

99. Denied.

100. Denied.

101. Denied.

102. Intuitive lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

103. Denied.

**As to COUNT IV**
**Retaliation in Violation of *M.GL.* c. lSIB § 4(4A)**

104. Intuitive repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

105. Denied.

106. Denied.

107. Denied.

108. Intuitive lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

109. Denied.

**As to COUNT V**
**Retaliation in Violation of M.G.L. c.151B § 4(11A)**

110. Intuitive repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

111. Denied.

112. Denied.

113. Denied.

114. Intuitive lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

115. Denied.

**As to COUNT VI**
**Retaliation in Violation of M.G.L. c. 175M § 9**

116. Intuitive repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

117. Denied.

118. Denied.

119. Denied.

120. Intuitive lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

121. Denied.

**As to COUNT VII**
**Late Payment of Wages in Violation of M.G.L. c. 149 § 148**

122. Intuitive repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

123. Denied.

124. Denied.

**PRAYER FOR RELIEF**

Intuitive denies that Plaintiff is entitled to any of the relief requested at the conclusion of Plaintiff's complaint.

**JURY DEMAND**

Plaintiff has demanded a jury trial, to which no response is required.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Intuitive's actions and conduct were reasonable under the circumstances.

**Third Affirmative Defense**

Some or all of Plaintiff's Complaint fails because Intuitive has not violated Plaintiff's rights nor has Intuitive acted in a manner which justifies the award of any damages.

**Fourth Affirmative Defense**

Intuitive did not engage in the improper conduct alleged in Plaintiff's Complaint.

**Fifth Affirmative Defense**

Intuitive's conduct toward and treatment of Plaintiff was at all times based upon legitimate non-discriminatory factors and Intuitive's reasons were not pre-text for discrimination.

**Sixth Affirmative Defense**

Plaintiff cannot prove any discriminatory conduct by Intuitive, in the alternative, even if Plaintiff could prove discriminatory conduct by Intuitive (which Plaintiff cannot), Intuitive would have taken the same actions based upon legitimate, non-discriminatory reasons.

**Seventh Affirmative Defense**

Plaintiff is not entitled to some or all of the relief in the Complaint because even if Intuitive was found to have considered impermissible factors in any decisions or action with respect to the Plaintiff (which Intuitive denies), no such decision or actions were motivated by any impermissible factors.

**Eighth Affirmative Defense**

Plaintiff is not entitled to some or all of the requested relief in the Complaint because even if Intuitive was found to have considered any impermissible factors in any decisions or action with respect to Plaintiff (which Intuitive denies), Intuitive would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

**Ninth Affirmative Defense**

Intuitive did not engage in any willful violation of any law, and did not act with malice or with recklessness indifference to the protected rights of Plaintiff.

**Tenth Affirmative Defense**

Plaintiff is not entitled to attorneys' fees, costs, or expense.

**Eleventh Affirmative Defense**

Plaintiff affirmatively states that all of its action was taken in good faith.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by her failure to mitigate her alleged damages.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, illegality, fraud, and for her violation of Massachusetts and other law.

**Fourteenth Affirmative Defense**

Intuitive expressly reserves the right to allege additional defenses of which it becomes aware during the course of this action.

Dated: May 4, 2026

Respectfully submitted,

Wayne F. Dennison (BBO #558879)
Rachel E. Feiden (BBO #706645)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
T: 617-856-8200
wdennison@brownrudnick.com
rfeiden@brownrudnick.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 4, 2026.

Wayne F. Dennison